**Petition of KUNZ et ux.**
**No. 1980.**

District Court, D. Montana.
Aug. 28, 1939.

H. L. Maury and A. G. Shone, both of Butte, Mont., for debtors David and Katie Kunz.

Philip Duncan, of Virginia City, Mont., and Lew L. Callaway, of Helena, Mont., for respondents Hilda Borden and John H. Williams.

Sherman W. Smith, of Helena, Mont., for creditors N. D. and Lillie Root.

PRAY, District Judge.

This is a proceeding under Chapter XII of the Chandler Act, 11 U.S.C.A. § 801 et seq., wherein an arrangement is proposed by the above named debtors who are the equitable owners of the real property therein described, and who in their petition are represented to be "husband and wife, partners, joint owners, joint debtors, joint operators", by occupation farmers conducting farming operations near Whitehall, Jefferson County, Montana.

The principal questions here are found in the motion of Hilda Borden, a secured creditor, who alleges therein in substance that the petition upon which the order to show cause and temporary restraining order issued herein are based, fails to state facts upon which any relief can be granted; that the proposed arrangement is not for the best interest of creditors, and is discriminatory and unfair to this creditor, and does not present an equitable, fair or feasible method of liquidation looking to the rehabilitation of the debtors; that the arrangement was not made in good faith and is in violation of the Fifth Amendment of the Constitution, U.S.C.A.

The creditor further contends that since the final decree for foreclosure of her mortgage was entered before debtors filed their petition herein that the court had no authority to issue its restraining order.

The Court construes section 414, 11 U.S.C.A. § 814, upon which the foregoing contention is based to mean that until final decree or disposition of the debtor's cause the court may enjoin or stay the commencement or continuation of suits against a debtor, and may enjoin or stay until such final decree any act or the commencement or continuation of any proceeding to enforce any lien upon any property of a debtor. This apparently includes all property whatsoever of a debtor. Further light on the probable meaning of the words "final decree" as used in Sec. 414 will

be found in "Article X—Dismissal and Adjudication", wherein Sec. 485, 11 U.S.C.A. § 885, provides: "upon a dismissal of a proceeding originated by a petition filed under section 422 [822] of this act [title], the court shall enter a final decree discharging the trustee, if any, and closing the estate."

■ Sec. 406 (6), 11 U.S.C.A. § 806 (6), should also be considered in construing Sec. 414, which reads as follows: "'debtor' shall mean a person, other than a corporation as defined in this Act [title], who could become a bankrupt under section 4 [22] of this Act [title], who files a petition under this chapter and who is the legal or equitable owner of real property or a chattel real which is security for any debt, but shall not include a person whose only interest in property proposed to be dealt with by the arrangement is a right to redeem such property from a sale had before the filing of such petition."

Counsel then goes on to illustrate by citation of authorities the improbability of debtors ever being able to rehabilitate themselves by means of the arrangement offered, and there is unquestionably force and reason in his argument; but is it sufficient to overcome the circumstances presented here with a properly modified arrangement. In order to obtain the present fair appraised value of the property of debtors the court appointed three disinterested appraisers who were satisfactory to both sides and who later returned and filed herein an inventory and appraisement of all the property of debtors, showing a present valuation of $43,714.

■ According to counsel for debtors the best factor in the problem and the best part of the plan, or arrangement, and the one furnishing the most dependable assurance of eventual rehabilitation, is to be found in the services to be rendered by the grandson of debtors, an honest and industrious young man who came to the rescue of his grandparents during the recent illness of David Kunz, his grandfather. His suggestion that the herd of cattle should be reduced to fifty milk cows in October is worthy of consideration, but more money should be made available for the reduction of the indebtedness of Mrs. Borden; with such a showing of assets as appears from the inventory and appraisement the arrangement should provide for the payment of her claim in full on or before the first of January, 1940. In view of the facts disclosed in connection with this claim its payment should not be postponed awaiting the slow process of liquidation set forth in the present proposed arrangement.

Counsel for debtors seem to be certain of a favorable outcome of the litigation now pending in the state courts, consisting of two suits, but whatever the result, it may be a long time before it is finally accomplished. In the meantime, there is before us for consideration and liquidation an admitted indebtedness of about $9,600, including the claim of Mrs. Borden, with an appraisement disclosing assets of the value of $43,714. As it now appears to the court an arrangement for larger payments on the indebtedness of debtors should be made.

The proceedings under this chapter are in many respects similar to those found in section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, including subdivision S, which require the constant attention and care of the conciliation commissioner under subdivisions a to r, and of the referee under subdivision S. The provisions of the Chandler Act are so numerous and in some respects complicated that they require the supervision of a responsible officer residing in the locality of the estate to be administered, and one who is familiar with the property and the problems to be solved, so that the business in hand may be conducted efficiently and according to statute and the exact status of debtors' affairs may be reported to the court from time to time and made known to the creditors. The act provides for reference of the proceeding to a referee whose duty it shall be to see that all statutory requirements are complied with. A trustee may be appointed if interested parties so desire and conditions seem to require it, or debtors may remain in possession under the supervision of the referee.

Upon the filing of an amended arrangement, and after notice to the debtors and creditors and an opportunity to be heard such further steps may be taken as circumstances and the provisions of the chapter seem to require.